UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY B. TILLMAN, | ) | 1:10-cv—2091-OWW-SMS-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THE FIRST AMENDED |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS WITHOUT LEAVE TO AMEND |
| | ) | (DOC. 14) |
| BOARD OF PRISON TERMS, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| Respondent. | ) | DENY PETITIONER'S MOTION TO GRANT |
| | ) | THE WRIT OF HABEAS CORPUS AS MOOT |
| | ) | (DOC. 15) |

FINDINGS AND RECOMMENDATION TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY

**DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the first amended petition filed on December 1, 2010, pursuant to the Court's order of November 22, 2010, dismissing and granting leave to amend the initial petition. In dismissing the initial petition, the Court

1

determined that it failed to state a cognizable claim because it lacked specificity and concerned conditions of confinement as distinct from matters affecting the legality or duration of the confinement.  Further, Petitioner had failed to demonstrate exhaustion of state court remedies.  (Doc. 10.)

   I.   <u>Screening the First Amended Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner appears to state two separate claims.

Petitioner alleges that his continued confinement violates the Eighth Amendment. The facts alleged in support of his argument are that "time matrix" has been reached, and the "continued use of an unrelated juvenile past insults the reasonableness of rehabilitation." (Pet. 4.)

Petitioner also claims that he was assigned a regular attorney instead of an "A.D.A. attorney." (Pet. 4.) Petitioner alleges that unspecified records are clear that Petitioner had learning and understanding difficulties, but the Board of Prison Terms knowingly assigned the wrong attorney to represent Petitioner's case. Petitioner does not identify the particular decision or proceeding involved or indicate the effect on him of any error concerning assignment of counsel. Petitioner seeks a setting aside of the previous hearing, the nature of which is not specified, and rescheduling of the hearing with an A.D.A. attorney. Petitioner also prays for $1,000,000 per year of incarceration in which his Eighth Amendment rights were violated. (Pet. 4.)

A.  Lack of Specificity

With respect to the claim concerning Petitioner's continued confinement, the allegations concerning the reaching of a time matrix and use of an unspecified "juvenile past" are not sufficiently specific to demonstrate the basis for a claim under the Eighth Amendment or any other constitutional provision.

3

(Pet. 4.)

With respect to Petitioner's claim concerning assignment of the wrong attorney, Petitioner has failed to indicate what, if any, prejudice he suffered by the presence of an attorney who was not an "A.D.A" attorney. No inferences may intelligently be drawn because Petitioner has not identified the context of the representation; he has not specified a particular decision or a particular decision maker.

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Rules 2(c), 4, and 5(b) of the Rules Governing Habeas Corpus Cases in the United States District Courts require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Mayle v. Felix, 545 U.S. 644, 655 (2005). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Id. Conclusional allegations that are not unsupported by a statement of specific facts do not warrant habeas relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).

Here, Petitioner has failed to state specific facts that point to a real possibility of constitutional error. Petitioner's allegations are so lacking in factual support that the nature of any constitutional violation and the identity of

4

the proceedings being challenged are uncertain.  Petitioner's allegations are vague and conclusional, and thus they are subject to summary dismissal.

For this reason, the petition must be dismissed.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction or decision by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the

state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.

6

>   ...
>   In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

If a petitioner's grounds were not presented to the California Supreme Court, they are unexhausted, and the petition must be dismissed to provide the petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); <u>Rose</u>, 455 U.S. at 521-22.

In the petition before the Court, Petitioner fails to describe any presentation of his claim to the California Supreme Court, although he states generally that did appeal the judgment of conviction. (Pet. 1.) Petitioner refers to appeals to, and review by, other courts, including this Court and the Sacramento Superior Court, but no specifics are stated. Petitioner does not identify any grounds as having been presented to the California Supreme Court.

In short, Petitioner has not alleged specific facts concerning exhaustion of state remedies despite having been given an opportunity to so.

Accordingly, Petitioner has not alleged facts that would warrant habeas relief from this Court.

   C.   <u>Claim concerning Condition of Confinement</u>

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in

7

1 violation of the Constitution or laws or treaties of the United
2 States." 28 U.S.C. § 2254(a).  A habeas corpus petition is the
3 correct method for a prisoner to challenge the legality or
4 duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
5 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485
6 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976
7 Adoption.
8    In contrast, a civil rights action pursuant to 42 U.S.C. §
9 1983 is the proper method for a prisoner to challenge the
10 conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
11 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
12 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.
13    Petitioner does not state any facts indicating that any
14 specific constitutional violation has affected the legality or
15 duration of his confinement.  Petitioner does not allege any
16 basis for a conclusion that his claim of failure to receive a
17 non-A.D.A. attorney is anything more than a complaint concerning
18 a condition of confinement, which would not entitle Petitioner to
19 habeas relief.
20        D.   Dismissal
21    The instant petition must be dismissed for the reasons
22 stated above.
23    A petition for habeas corpus should not be dismissed without
24 leave to amend unless it appears that no tenable claim for relief
25 can be pleaded were such leave granted.  Jarvis v. Nelson, 440
26 F.2d 13, 14 (9th Cir. 1971).
27    Petitioner has already been given an opportunity to file a
28 first amended petition to cure the very deficiencies that have

8

prompted this recommendation of dismissal. These deficiencies were also present in Petitioner's initial petition. Petitioner was expressly advised in the Court's order dismissing the initial petition with leave to amend that failure to file a petition in compliance with the Court's order (i.e., a completed petition with cognizable federal claims clearly stated and exhaustion specifically alleged) would result in a recommendation that the petition be dismissed and the action be terminated. However, despite having been warned, Petitioner has failed to remedy the defects in the petition.

It appears that any further opportunity for amendment would be futile. There is no basis for a conclusion that a tenable claim for relief could be pleaded if leave to amend were granted.

Therefore, it will be recommended that the first amended petition be dismissed without leave to amend.

II. <u>Motion to Grant Writ of Habeas Corpus</u>

On December 6, 2010, Petitioner filed a motion to grant a writ of habeas corpus. (Doc. 15.) The facts recited by Petitioner in the motion were not declared to be true under penalty of perjury. In the motion, Petitioner stated that he had shown that the "board" did not give him a fair hearing, discussed various provisions of the California Penal Code concerning parole eligibility and suitability, and reiterated that Petitioner showed that the "board" did not give him a fair hearing. (Mot. at 1-2.) He attached paperwork concerning a proposed denial of parole that occurred on November 22, 2010, which by its terms was not final until reviewed. (Doc. 15, 3.)

Petitioner does not demonstrate in the motion that he is

9


entitled to habeas corpus relief.

Further, the pending petition does not contain claims cognizable in federal habeas corpus, and Petitioner has not shown that his state court remedies have been exhausted as to the claims. It has been recommended that the petition be dismissed without leave to amend.

It is therefore appropriate that the motion to grant a writ of habeas corpus be denied as moot.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court

conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

IV. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a claim warranting habeas corpus relief and failure to exhaust state court remedies; and

2) Petitioner's motion to grant the writ of habeas corpus be DENIED as moot; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action because the dismissal will terminate the case in its entirety.

These findings and recommendations are submitted to the

United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 31, 2011**               /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE